**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3203
_____

PASCAL GEDEON,
                              Appellant

v.

UNITED STATES OF AMERICA; U.S. ATTORNEY GENERAL;
TWO UNKNOWN FBI AGENTS; KELLY HARRELL;
EILEEN C. GEIGER; UNKNOWN UNITED STATES ATTORNEY;
THREE UNKNOWN US MARSHALLS OFFICERS, Official Capacity
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:25-cv-01683)
District Judge: Honorable John M. Gallagher
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 4, 2026
Before: KRAUSE, MATEY, and BOVE, *Circuit Judges*

(Opinion filed July 2, 2026)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Pascal Gedeon appeals from the District Court's dismissal of his civil rights matter and denial of his subsequent motion under Federal Rule of Civil Procedure 60(b). For the reasons that follow, we will summarily affirm the District Court's denial of Rule 60(b) relief and dismiss the remainder of the appeal for lack of jurisdiction.

In early 2025, Gedeon initiated a federal lawsuit against various Assistant United States Attorneys and FBI agents relating to their actions leading up to his federal indictment for child pornography charges. In May 2025, after granting Gedeon leave to proceed in forma pauperis, the District Court screened his complaint and dismissed it.

Gedeon filed a Rule 60(b) motion in October 2025, which was denied later that month. In November 2025, he filed a notice of appeal and requested to reopen the time to appeal so that he could appeal the underlying dismissal as well as the denial of his Rule 60(b) motion. The District Court denied his requests to reopen the time to appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, to the extent that Gedeon seeks to appeal the denial of his Rule 60(b) motion.[1] We review the denial

---

[1] To the extent that Gedeon seeks to appeal the District Court's underlying order dismissing his complaint, we will dismiss this appeal in part for lack of jurisdiction. *See* Fed. R. App. P. 4(a)(4)(A)(vi) (providing that a Rule 60(b) motion will toll the time to appeal only if it is filed within 28 days after the entry of judgment); *see also Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 263 n.7 (1978) ("[A]n appeal from [the] denial of Rule 60(b) relief does not bring up the underlying judgment for review."). Gedeon filed his notice of appeal more than five months after the District Court dismissed his complaint, and the District Court denied Gedeon's request pursuant to Federal Rule of Civil Procedure 4(a)(6) to reopen the time to file his notice of appeal as to the underlying

of a Rule 60(b) motion for abuse of discretion. *See Budget Blinds, Inc. v. White*, 536

F.3d 244, 251 (3d Cir. 2008). We may summarily affirm a district court's decision "on

any basis supported by the record" if the appeal fails to present a substantial question.

*See Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court did not abuse its discretion in denying Gedeon's Rule 60(b)

motion. The District Court dismissed his complaint because it included: (1) claims that

were previously litigated or could have been litigated in prior lawsuits, and (2) claims

that were being litigated in another lawsuit at that time. Gedeon argued that he should be

able to bring claims that were not raised in his prior lawsuit. However, Gedeon's attempt

to relitigate issues that the District Court had already considered—where the District

Court's dismissal opinion explained that claim preclusion covered claims that could have

been brought in a prior case, *see Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021)—

did not raise a proper basis for relief. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d

Cir. 2003) (explaining that "a Rule 60(b) motion may not be used as a substitute for an

---

dismissal of his claims. The District Court's dismissal complied with the separate document rule. *See* Fed. R. Civ. P. 58(a). Gedeon did not file any documents between May 2025 and November 2025 that could be construed as a notice of appeal, and he has not appealed from the denial of his motions to reopen the time to appeal. However, we have jurisdiction to review the District Court's denial of Gedeon's Rule 60(b) motion, as Gedeon's notice of appeal was timely filed within 60 days of that decision.

appeal, and that legal error, without more," is not a proper basis for seeking reopening) (internal quotation marks and citation omitted).

Accordingly, we will dismiss this appeal in part, and to the extent that we have jurisdiction, we will summarily affirm the District Court's judgment because this appeal does not present a substantial question.